**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMPIRE TODAY, LLC, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. _____ |
| v. | ) ) |
| FIRST CAPITAL ASSET GROUP, INC., a Florida corporation, and ROBERT S. AYDT, an individual, | ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, DILUTION, CYBERSQUATTING, AND BREACH OF CONTRACT**

Plaintiff, Empire Today, LLC ("Empire"), by and through its attorneys, for its Complaint against Defendants, First Capital Asset Group, Inc. and Robert S. Aydt (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. This is an action for federal trademark infringement, unfair competition, dilution, and cybersquatting in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), and 15 U.S.C. § 1125(d), and for breach of the Non-Compete, Confidentiality and Non-Solicitation Agreement, dated April 22, 2021.

**PARTIES**

2. Plaintiff Empire is a Delaware corporation with its principal place of business located at 333 Northwest Avenue, Northlake, Illinois 60164.

3. Defendant First Capital Asset Group, Inc. ("First Capital") is a Florida corporation having a principal place of business at 222 West Comstock Avenue, Winter Park, Florida 32789, and a mailing address of 717 Chickapee Trail, Maitland, Florida 32751.

4. Defendant Robert S. Aydt ("Aydt") is an individual residing, upon information and belief, at 717 Chickapee Trail, Maitland, Florida 32751.

5. Upon information and belief, Mr. Aydt is the registered agent for and the director of First Capital.

## JURISDICTION

6. This Court has subject matter jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

7. This Court has subject matter jurisdiction over the breach of contract claim in this action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367(a).

8. In regard to 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000 and there is diversity between the members of Empire and Defendants. Empire Today, LLC is a wholly owned subsidiary of Empire Today Holdings, Inc. a Delaware Corporation

9. This Court also has subject matter jurisdiction over the breach of contract claim in this action pursuant to a jurisdiction and venue selection clause in Section 12 of the Agreement, which specifies that all actions related to the Agreement "shall rest exclusively in Chicago, Illinois[.]". The Agreement is attached hereto as **Exhibit A**.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Empire's claims occurred in this District, and the harms suffered by Empire, including loss of reputation, goodwill, and economic harm, are suffered in the state of Illinois where it is located.

11. Defendants' websites were interactive in that they invited consumers, including Illinois consumers, to enter their personal information in order to receive a flooring estimate quote.

12. Defendants' business activities that are the subject of this action are within the flow of, and have affected, interstate trade and commerce. Defendants received revenue through commissions from referrals from persons, including, persons who request a quote for flooring service, repair, installation, or refinishing services on the www.empiretodaysale.com and www.empiretodayfl.com websites, and/or from using the leads generated via the websites to divert business away from Plaintiff.

13. This Court has personal jurisdiction over both Defendants as they have availed themselves of doing business in Illinois and sought out customers, including Illinois customers via their interactive websites, harmed Empire in Illinois where it is located, subjecting Defendants to personal jurisdiction in Illinois pursuant to at least IL 5/2-209(a)(1), (2), (7), and IL 5/2-209(c).

14. Venue is also proper in this District pursuant to Section 12 of the Agreement, which specifies that all actions related to the Agreement "shall rest exclusively in Chicago, Illinois[.]"

## FACTS

**Empire's EMPIRE Trademarks**

15. Since long prior to the acts of Defendants complained of herein, Empire has been engaged in the business, *inter alia*, of offering the sale and installation of carpet and flooring to the general public throughout the United States (the "Flooring Services").

16. Since at least as early as 1965, Empire has provided its Flooring Services to the public under the Empire name and one or more trademarks (collectively, the "EMPIRE Marks").

17. Empire displays and uses the EMPIRE Marks in advertising and promotional materials for Empire's Flooring Services in interstate commerce, including without limitation on television, radio commercials and print and online advertisements. Further, Empire is the owner and operator of the Internet web site available at URL http://www.empiretoday.com, which is used to advertise and promote Empire's Flooring Services.

18. Since long prior to the acts of Defendants, the EMPIRE Marks have been extremely well known among consumers throughout the United States.

19. Since long prior to the acts of Defendants, Empire has generated millions of dollars in annual sales for providing the Flooring Services under the EMPIRE Marks, and Empire has spent millions of dollars annually to advertise and promote the Flooring Services under the EMPIRE Marks. Moreover, based on its nearly 60 years of providing excellent service under the EMPIRE Marks, Empire has been recognized by the American Business Awards as a "Company of the Year" in from 2012-2019 and as a finalist for "Best Overall Company" in 2007, 2008, 2010,

and 2011. Empire was recognized by the Golden Bridge Awards as a 2019 "Company of the Year" and recognized for "Customer Service Department of the Year" in 2017, 2018, and 2019. Further, Empire is rated "A+" by the Better Business Bureau and has been accredited with that organization for more than 45 years.

20. Since long prior to the acts of Defendants, and as a result of Empire' extensive use, advertising and promotion of the EMPIRE Marks, said EMPIRE Marks have become famous and have acquired a strong secondary meaning signifying Empire.

21. Empire has obtained several trademark registrations for its marks in the United States Patent and Trademark Office (copies of the registration certificates and Trademark Status and Retrieval ["TSDR"] records of each of the marks detailed below are attached hereto as composite **Exhibit B**). Such registrations include the following:

| Mark | Registration No. and Date | Goods and Services |
|---|---|---|
| EMPIRE | **Reg. No.** 2516389 <br> **Reg. date** 18-SEPT-2001 | **INT. CL. 35** TELEPHONE SHOP-AT-HOME SERVICES IN THE FIELD OF CARPETING <br> **INT. CL. 37** INSTALLATION OF CARPETS |
| EMPIRE TODAY | **Reg No.** 3559912 <br> **Reg. date** 13-JAN-2009 | **INT. CL. 35** SHOP-AT-HOME SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS <br> **INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS |
| EMPIRETODAY.COM | **Reg No.** 3917495 <br> **Reg date** 08-FEB-2011 | **INT. CL. 35** SHOP-AT-HOME SERVICES IN THE FIELDS OF CARPETING, HARD SURFACES FLOORING, AND WINDOW TREATMENTS <br> **INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING, HARD SURFACES FLOORING, AND WINDOW TREATMENTS |
| EMPIRE TODAY CARPET & FLOORING <br> EMPIRETODAY CARPET&FLOORING | **Reg. No.** 4769721 <br> **Reg date** 20-FEB-2014 | **INT. CL. 35** SHOP-AT-HOME SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS <br> **INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS |
| EMPIRE TODAY | **Reg. No.** 3671527 <br> **Reg date** 25-AUG-2009 | **INT. CL. 35** SHOP-AT-HOME SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS <br> **INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS |



U.S. Reg. Nos. 2516389, 3559912, 3917495, 4769721, and 3671527 (collectively, the "Incontestable Marks") are incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b). They serve as conclusive evidence of the validity of the marks and of the registration of the marks, of Empire's ownership of the marks, and of Empire's exclusive rights to use the marks in U.S. commerce.

22. As a result of the extensive use and promotion by Empire of the EMPIRE Marks, Empire now owns valuable goodwill which is symbolized by said name and marks, and the use of the EMPIRE Marks substantially increases the value of Empire's business and the salability of its Flooring Services rendered through its business.

**Unauthorized Use of the EMPIRE Marks by Defendants**

23. Long after the aforesaid acquisition of fame and secondary meaning of the EMPIRE Marks, as well as the issuance of the aforesaid registrations to Empire, Defendants commenced copying the EMPIRE Marks, in interstate commerce, in connection with Defendants' own carpet and flooring business by using the name and marks EMPIRE, EMPIRE TODAY, and EMPIRE TODAY image (the "Infringing Marks").

24. On April 22, 2021, Empire's agent and wholly owned subsidiary, Today's Sales LLC, entered into a "Non-Compete, Confidentiality and Non-Solicitation Agreement" with Mr. Aydt and First Capital. *See* **Exhibit A** at pgs.1, 7, 21.

25. In general under the Agreement, Defendants were retained as sales representatives for the retail sale of home improvement and remodeling products and services. *See* **Ex. A** at pg.1.

26. Defendants agreed that all Intellectual Property ("IP") "that is developed by [Defendants] while [Defendants are] rendering services for the Company or jointly by [Defendants] and the Company from and after the date of the commencement of [Defendants'] services shall vest in and is hereby assigned to the Company as of the effective date of this Agreement, in consideration for the Company entering into this Agreement. Except as provided in this Agreement, [Defendants] shall retain no right, ownership, or title in the IP." **Ex. A** at Section 2(C).

27. Defendants agreed for the duration of the Agreement and for six months following termination of the Agreement to "not directly or indirectly, pursue, attempt to pursue, solicit, or attempt to solicit for [Defendants'] benefit or the benefit of any person or entity other than the Company, the business of any Leads in the Sales Territory." **Ex. A** at Section 4.

28. During the course of the Agreement, Defendants registered and operated the websites www.empiretodaysale.com and www.empiretodayfl.com (the "Infringing Domains"). *See* **Exhibit C**

29. Defendants registered the Infringing Domains in a manner concealing their identity. *See* **Exhibit C**.

30. Defendants did not identify themselves as EMPIRE TODAY or anything related to such terms, but rather the now-revealed WHOIS information identifies the owner of the websites are "Robert Aydt." *See* **Exhibit D.**

31. The content at the Infringing Domains consisted of virtually identical copies of Empire's website, www.empiretoday.com, including use of the EMPIRE Marks (the "Infringing Websites").

6



Printouts of webpages at the Infringing Websites attached as **Exhibit E and Exhibit F.**





Printouts of Empire's webpages attached as **Exhibit G.**

32. The EMPIRE Marks not only form the basis for the Infringing Domains, but EMPIRE, EMPIRE TODAY, and the EMPIRE TODAY logo were also depicted prominently on the Infringing Websites.

33. On November 16, 2022, Empire commenced proceedings in pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") of the Internet Corporation for Assigned Names and Numbers ("ICANN") to transfer www.empiretodayfl.com to Empire.

34. On November 17, 2022, the Registrar revealed the registrant of www.empiretodayfl.com as Robert Aydt.

35. , On November 18, 2022, after having learned of another infringing website, www.empiretodaysale.com, Empire amended its UDRP complaint to further seek transfer of www.empiretodaysales.com to Empire. Robert Aydt was subsequently revealed by the registrar to be the owner of www.empiretodaysales.com.

36. Following the filing of Empire's UDRP complaint, Empire determined that Robert Aydt was engaged as an Empire Contractor and contacted him directly. Mr. Aydt agreed to transfer the www.empiretodayfl.com and www.empiretodaysale.com domains to Empire, and the transfer was subsequently effected.

37. In accordance with 15 U.S.C. § 1072, Empire's federal trademark registrations, including the Incontestable Marks, served as constructive notice to Defendants of Empire' rights in and to the EMPIRE Marks.

38. In addition, Defendants are well-aware of Empire's existence and have actual notice of Empire's rights in and to the EMPIRE Marks.

39. Despite Defendants' constructive and actual notice of Empire's rights in the EMPIRE Marks, and Defendants' knowledge that their use of the EMPIRE Marks is neither consented to nor authorized by Empire, Defendants used the Infringing Marks.

40. Defendants' aforesaid unauthorized uses of the Infringing Marks are willful and deliberate and done with an intent to trade upon the fame and goodwill represented by the EMPIRE Marks, to improperly suggest or imply the existence of an affiliation or license between Defendants and Empire, to dilute the distinctiveness of the EMPIRE Marks, and to mislead and confuse actual and potential consumers.

41. Defendants have used and are using the Infringing Marks and Infringing Domains for carpet and flooring quote and referral services to promote the services of companies other than Empire, without the consent or authority of Empire.

42. Defendants' unauthorized use of the Infringing Marks is likely to cause confusion in the mind of ordinary consumers with respect to Empire's carpet and flooring services.

43. Upon information and belief, Defendant Aydt has acted willfully and knowingly to direct and control the infringing and wrongful actions of Defendants and has used the corporate defendant First Capital as an instrument to carry out his infringing acts with the purpose of avoiding personal liability. Upon further information and belief, it was Defendant Aydt who chose to use the Infringing Domains and Infringing Websites, and chose to register the Infringing Domains and operate the Infringing Websites, with full knowledge of Plaintiff Empire's rights in and to the famous EMPIRE Marks, all in order to deceive and confuse consumers. Further, Defendant Aydt personally profits from the aforesaid infringing activities. In short, Defendant

Aydt is the driving force behind the wrongful and infringing activities carried on in the name of Defendant Wolfe Network LLC.

44. The use of the Infringing Marks via the Infringing Domains and Infringing Websites was also in contravention of the Agreement with Defendants.

45. Pursuant to Section 2(B) of the Agreement, all IP developed by Defendants while rendering services under the Agreement (to the extent it was even created by Defendants) is the property of Empire, including the content of the Infringing Websites.

46. Defendants used Empire's IP on the Infringement Websites without Empire's permission in violation of the Agreement.

47. Pursuant to Section 4, Defendants agreed not to pursue the business of "Leads" in the "Sales Territory" as those terms are defined in the Agreement.

48. By copying Empire's website, Defendants diverted "Leads" from Empire in violation of the Agreement.

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114

49. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

50. Defendants' aforesaid unauthorized uses of the Infringing Marks are likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' services and falsely and deceptively represents Defendants' services as being sponsored by, authorized by, or provided by Empire, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51. Defendants committed their wrongful actions with the intent to mislead and misdirect consumers.

52. This is an exceptional case and Empire is entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

53. Empire was and continues to be damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

## COUNT II
### Federal Unfair Competition/False Designation of Origin
### 15 U.S.C. § 1125(a)

54. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

55. Section 1125(a)(1)(A) of the Lanham Act provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> ….
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person….

56. Defendants' aforesaid unauthorized uses of the Infringing Marks are likely to cause confusion as to the origin, sponsorship, and approval of Defendants' services and commercial activities in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. In violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Defendants' aforesaid unauthorized uses of the Infringing Marks throughout their marketing are likely to cause consumers to be deceived as to the affiliation between Defendants and Empire in connection with services rendered by Defendants.

58. Empire was and continues to be damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

## COUNT III
### Federal Trademark Dilution
### 15 U.S.C. § 1125(c)

59. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

60. Defendants' aforesaid unauthorized uses of the Infringing Marks diluted by blurring the distinctive quality of the famous EMPIRE Marks, and Defendants willfully intended to trade on Empire's reputation and goodwill and to dilute the distinctiveness of said marks, all in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

61. Empire was and continues to be damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

## COUNT IV
### Breach of Contract

62. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

63. The Agreement constitutes a valid, binding, and enforceable contract between Empire and Defendants.

64. Section 2(C) of the Agreement provides that all Intellectual Property ("IP") "that is developed by [Defendants] while [Defendants are] rendering services for the Company or jointly by [Defendants] and the Company from and after the date of the commencement of [Defendants'] services shall vest in and is hereby assigned to the Company as of the effective date of this Agreement, in consideration for the Company entering into this Agreement. Except as provided in this Agreement, [Defendants] shall retain no right, ownership, or title in the IP." **Ex. A** at Section 2(C).

65. Defendants, after the commencement of Defendants' services under the Agreement and during Defendants' rendering of services under the Agreement, registered the Infringing Domains and created and hosted the Infringing Websites, which utilized IP owned by Empire, without Empire's permission or approval.

66. Defendants' conduct is a breach of Section 2(C) of the Agreement.

67. Section 4 of the Agreement provides that "[d]uring the term of this Agreement and for a period of six (6) months following the termination of this Agreement, [Defendants] shall not, directly or indirectly, pursue, attempt to pursue, solicit, or attempt to solicit for [Defendants']

benefit or the benefit of any person or entity other than the Company, the business of any Leads in the Sales Territory." **Ex. A** at Section 4.

68. Defendants, in registering, creating, and hosting the Infringing Domains and Infringing Websites, redirected "Leads" away from Empire in the Sales Territory.

69. More specifically, the Infringing Websites use web forms to solicit prospective customer information, which information is thereby diverted away from Empire.

70. Defendants' conduct is a breach of Section 4 of the Agreement.

71. Empire has honored and complied with all of its obligations with respect to the Agreement.

72. Empire was damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

## COUNT IV
## Cybersquatting
## 15 U.S.C. § 1125(d)

73. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

74. The EMPIRE Marks were famous and distinctive prior to the registration or use by Defendants of the Infringing Domains.

75. The registration and use of the Infringing Domains violates Empire's rights as the owner of the EMPIRE Marks.

76. No Defendant has any legitimate trademark or other intellectual property rights in the Infringing Domains. The Infringing Domains were registered with the bad faith intent to profit from Empire's EMPIRE Marks.

77. The registration and use of the Infringing Domains are likely to cause confusion, to cause mistake, and to deceive as to the origin, source, or sponsorship of the Infringing Domain among the public and Empire's trade partners. The registration and use of the Infringing Domains also are likely to cause dilution of the famous and distinctive EMPIRE Marks.

78. Empire is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Empire Today, LLC asks this Court to enter judgment in its favor against each of the Defendants as follows:

A. For a permanent injunction restraining Defendants from the unlawful, unfair, fraudulent, deceptive and misleading acts and conduct set forth above, and enjoining Defendants from using any mark, slogan, Internet domain name, Internet social media user name or account identifier, trade name, business name or other device that infringes (*i.e.*, is confusingly similar to) the EMPIRE Marks for any purpose—including, but not limited to, for use in connection with any website or sale of any product;

B. For an order directing Defendants to file with this Court and serve on Empire within three (3) days after service of an injunction a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

C. For an order requiring Defendants and all those in privity with them to surrender for destruction all materials incorporating or reproducing Plaintiff's EMPIRE Marks pursuant to 15 U.S.C. § 1118;

D. For an order requiring Defendants to transfer any social media accounts or online assets containing or referring to Plaintiff's EMPIRE Marks;

E. For an accounting of the gains and profits realized by Defendants from their wrongful acts of false designation of origin, infringement, dilution, and cybersquatting, and recovery of all actual damages suffered and sustained by Empire as a result of Defendants'

aforesaid wrongful acts, as well as payment for the costs of this action and prejudgment interest, pursuant to 15 U.S.C. § 1117;

F. For statutory damages, actual damages and increased and punitive damages as allowed by the law—including, but not limited to, those increased damages authorized by 15 U.S.C. § 1117;

G. For damages caused by Defendants' breach of contract as allowed by the law;

H. For Empire's costs and expenses, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and prejudgment interest at the maximum legal rate; and

I. For such other and further relief as may be just and equitable.

## JURY DEMAND

Plaintiff Empire Today, LLC hereby demands and requests a trial by jury on all issues so triable.

Dated: December 22, 2022

Respectfully submitted,

**EMPIRE TODAY, LLC**

By: /s/ *John S. Letchinger*

**BAKER & HOSTETLER LLP**
John S. Letchinger (6207361)
Matthew J. Caccamo (6282605)
One North Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: 312-416-6206
Fax: 312-416-6260
jlechtinger@bakerlaw.com
mcaccamo@bakerlaw.com